FILED
SUPERIOR COURT
OF GUAM

2022 JUN -8 PM 3: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0058-18** |
| | GPD Report Nos. 18-02105 / 18-02097 |
| Plaintiff, | |
| v. | |
| | **DECISION AND ORDER** |
| **THANO JAMES FULLER,** | **GRANTING REVOCATION OF** |
| DOB: 10/18/1999 | **PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 28, 2022 for a Revocation Hearing in the above-captioned matter related to Thano James Fuller's ("Defendant's") failure to follow his probation terms and the Adult Probation Office's First through Fifth Violation Reports. Defendant is represented by Alternate Public Defender Clyde Lemons, Jr. and the People of Guam are represented by Assistant Attorney Generals Dannis Le and Renaida San Nicolas. Having duly considered the Parties' arguments and the applicable law, the Court now issues the following Order Granting Revocation of Probation.

### BACKGROUND

In February 2018, Defendant was charged with Burglary (as a 2nd Degree Felony), Conspiracy to Commit Burglary (as a 2nd Degree Felony), Burglary to a Motor Vehicle (as a 2nd Degree Felony), Criminal Trespass (as a Misdemeanor), and Underage Consumption of Alcohol

(as a Petty Misdemeanor). See Indictment (Feb. 15, 2018). Defendant subsequently entered a deferred plea of guilty to Burglary (as a 2nd Degree Felony) and Burglary to a Motor Vehicle (as a 2nd Degree Felony). See Court Minutes (Nov. 5, 2018). An Order After Hearing was entered imposing the terms of the agreement: five (5) years incarceration (all but forty-five (45) days suspended) with credit for time served; fine of three thousand dollars ($3,000.00); and a probationary term of three (3) years. See Order After Hearing (Dec. 14, 2018). The following relevant conditions of probation were imposed:

1) Report to the Adult Probation Office for intake and processing within forty-eight (48) hours of sentencing.
2) Obey all federal and local laws of Guam.
3) Report to the Adult Probation Office monthly in person.
4) Pay a fine of three thousand dollars ($3,000.00).
5) Pay Court Costs of eighty dollars ($80.00).
6) Attend and successfully complete treatment for Theft Prevention and Substance Abuse.
7) Report to Client Services and Family Counseling for assessment and follow all recommended treatment.
8) Complete eight hundred thirty-two (832) hours of Community Service

Id.

Defendant almost immediately began violating conditions of his probation, as he failed to report to the Adult Probation Office for his initial intake and processing. See First Violation Report (Dec. 13, 2018).

Defendant continued to violate the terms of his probation when he was arrested and charged in connection with a February, 2020 burglary to a motor vehicle. See Second Violation Report (Mar. 3, 2020). Defendant was ultimately convicted of several felonies including Theft (as a 3rd Degree Felony) and Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony). See CF0150-20 Judgment of Conviction (Dec. 30, 2021).

A third violation report was filed in August 2020 indicating that Defendant had yet to make any progress on paying off his Court Fines/Costs or completing his community service hours. See Third Violation Report (Aug. 10, 2020). This report also indicated that Defendant still hadn't shown up to the Probation Office or Client Services and Family Counseling for his initial intake and processing assessment. Id.

In February 2021 it was made known to the Court that Defendant still hadn't paid off any of his Court Fines/Costs, made any progress towards completing his community service hours, and still hadn't shown up at Client Services and Family Counseling for an intake and assessment. See Fourth Violation Report (Feb. 24, 2021).

New criminal charges were again brought against Defendant in March 2021 when Defendant was indicted on multiple felonies in CF0162-21. See Fifth Violation Report (Mar. 26, 2021). Defendant was ultimately convicted of multiple felonies including Strangulation (as a 3rd Degree Felony), Family Violence (as a 3rd Degree Felony), and Interfering with the Reporting of Family Violence (as a 3rd Degree Felony). See CF0162-21 Court Minutes (Mar. 22, 2022).

The Court held a Revocation Hearing on April 28, 2022, upon the People's Motion to Revoke Defendant's Probation. The Court then took the matter under advisement. See Minute Entry (Apr. 28, 2022).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that

revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to report to Client Services and Family Counseling, failing to pay off his Court Fines/Costs, and failing to complete his community service. On top of that, Defendant has been convicted of multiple felonies stemming from multiple incidents since the beginning of this case.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated several Violation Reports, showing a continuous and ongoing disregard towards following his probationary terms. These violations started almost immediately after Defendant's plea deal, as Defendant failed to report to the Probation Office even for his initial intake and assessment.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Thano James Fuller's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to five (5) years incarceration at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this June 8, 2022 .



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**